OPINION
Appellant Douglas Durbin appeals the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellee James McAfee, Appellee R.A. Griffin Company ("Griffin"), and Appellee American Clay Machinery Corporation ("American Clay"). The following facts give rise to this appeal. In 1996, the parties began informal discussions about appellant purchasing all of the outstanding shares of Appellees Griffin and American Clay. Following months of discussions, in the summer of 1998, Appellee James McAfee, as president of Appellees Griffin and American Eagle, offered to sell appellant all of the outstanding shares of both companies for $300,000. Appellant claims he orally accepted Appellee McAfee's offer. The terms of the offer required appellant to make a $50,000 down payment, with the remaining $250,000 balance to be financed by appellees for a period of seven years at a rate of interest of eight percent, per annum. At the time appellant orally accepted Appellee McAfee's offer, the parties agreed that the terms of their agreement would be reduced to writing. Appellee McAfee promised appellant that he would contact his attorney and instruct him to put the agreement in written form. Thereafter, Appellant Durbin periodically contacted Appellee McAfee regarding the written agreement which was never forthcoming. Finally, in February 1999, Appellee McAfee informed Appellant Durbin that another prospective purchaser had contacted him. Subsequently, Appellant Durbin filed a complaint in February 1999, in which he demanded injunctive relief, specific performance, or alternatively, damages. Appellant also demanded a jury trial. The trial court granted Appellant Durbin's request for a temporary restraining order, prohibiting Appellee McAfee from selling the shares of Griffin and American Clay, per the agreement of the parties. Following an extensive hearing, the trial court denied Appellant Durbin's request, on two separate occasions, to grant permanent injunctive relief. In the summer of 1999, Appellee McAfee sold all of the outstanding shares of Griffin and American Clay to a third party. After the sale, the issue of damages remained pending. Appellee McAfee filed a motion for summary judgment, as to the issue of damages, which the trial court granted. Appellant Durbin timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. IN GRANTING DEFENDANT-APPELLEES' (SIC) MOTION FOR SUMMARY JUDGMENT THE TRIAL COURT ERRONEOUSLY CONCLUDED THAT NO MATERIAL ISSUES OF FACT EXIST IN THE CASE HEREIN.
Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's assignment of error. I Appellant contends, in his sole assignment of error, that the trial court erred when it granted Appellee McAfee's motion for summary judgment because questions of material fact exist concerning whether an agreement existed between the parties and if so, the terms of that agreement. We disagree. In order for a contract to exist, there must first be a meeting of the minds, which generally includes an offer and acceptance. Garrison v. Daytonian Hotel (1995), 105 Ohio App.3d 322, 325, citing Noroski v. Fallet (1982), 2 Ohio St.3d 77, 79. Although no particular form is required, an offer is defined as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Id., quoting 1 Restatement of the Law 2d, Contracts (1981) 71, Section 24. The Restatement further discusses "offer" and provides that "a manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of intent." Gruenspan v. Seitz (1997), 124 Ohio App.3d 197,211, quoting Restatement of the Law 2d, Contract (1981) 75, Section 26. Thus, a contract exists if both parties consented to the terms of the contract, there was a "meeting of the minds" of both parties, and the terms of the contract are definite and certain. McSweeney v. Jackson (1996), 117 Ohio App.3d 623,631. In order to prove a breach of contract claim, a plaintiff must show "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." Doner v. Snapp (1994), 98 Ohio App.3d 597, 600. Prior to addressing the issue of breach, we must first determine whether the parties entered into an agreement for the sale of Griffin and American Clay to Appellant Durbin. In support of his argument that a contract existed for the sale of these business, Appellant Durbin submitted several documents to the trial court. The first document, Plaintiff's Exhibit 1, lists five terms and conditions for the sale of the businesses. These terms and conditions are as follows: 1. The sale price will be net book value plus $30,000 for each corporation as valued in exhibit 1.
 * * *
2. The sale will include all equipment furnishings, vehicles, patterns, drawings, inventory, rights to the corporate names, records, customer files and accounts receivable.
3. The real estate is not included, but is to be leased from Jim 
Ailene McAfee at a monthly rate, net of $2000 for a period of two years after which the buyer or the corporation is obligated to purchase the real estate for $150,000.
4. The pension plan(s) monies belong to the individual named owners and are not included in the sale. 5. Any arrangements with present officers to continue employment are to be negotiated separately with those individuals.
The next document relied on by Appellant Durbin is Plaintiff's Exhibit 2 which sets forth book value of American Clay and Griffin. It also indicates a down payment of $50,000. The third document, Plaintiff's Exhibit 3, is an amortization schedule for the purchase of the two companies. Appellant Durbin also relies on Exhibit 4 which is an affidavit submitted to the trial court in which he claims, among other things, that the parties, in the summer of 1998, agreed to the purchase price and all other material terms for the sale of the businesses to him. Finally, Appellant Durbin cites to his testimony presented at a hearing conducted by the trial court on March 19, 1999. At this hearing, Appellant Durbin testified that Appellee McAfee made an offer, to him, to sell the two businesses. Tr. Hrng. March 19, 1999, at 59. Appellant Durbin also testified to the terms of the agreement. Id. at 60. In response, Appellee McAfee cites to various conflicts that exist concerning the documents presented by Appellant Durbin and Appellant Durbin's testimony presented at the hearing in this matter. Plaintiff's Exhibit 6 contradicts appellant's testimony presented at the hearing. Specifically, Plaintiff's Exhibit 6 is a proposal for the sale of the businesses and contains terms about the continued employment of Appellee McAfee, Ailene McAfee and Frank Phillips. However, Appellant Durbin testified at the hearing that continued employment of any of the employees of the two businesses was not part of the alleged agreement. Id. at 91. Appellee McAfee also points out that Plaintiff's Exhibits 3 and 6 vary as to the interest rate to be charged for the portion financed by Appellant Durbin. We also note that Plaintiff's Exhibits 1 and 2, which he claims contains the terms of the alleged agreement, do not contain a closing date for completion of the transaction. Further, although Appellant Durbin claims the parties entered into the alleged agreement in the summer of 1998, Defendant's Exhibit 2, dated September 23, 1998, clearly states that it is a rough draft being submitted to the attorney for revisions and amendments and should not be construed as final in any respect. Based on the above evidence, we find, as did the trial court, that a genuine issue of material fact does not exist concerning whether Appellee McAfee entered into an agreement to sell American Clay and Griffin to Appellant Durbin. Although the parties spent approximately two years negotiating this deal, it is clear from the evidence that a "meeting of the minds" did not occur. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Hoffman, J., concur.